UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-02616-CAS(JCGx) | Date | September 28, 2015 |
|---|---|---|---|
| Title | MAD DOGG ATHLETICS, INC. V. FITNESS MASTER, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Connie Lee | Laura Elias | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Theodore Maceiko | Chia-Li Bruce<br>Joseph Bruce<br>Aarti Wilson |

**Proceedings:**     DEFENDANT FITNESS MASTER, INC.'S MOTION FOR SANCTIONS [31]

PLAINTIFF MAD DOGG ATHLETICS, INC.'S MOTION FOR SANCTIONS [35]

## I. INTRODUCTION AND BACKGROUND

On April 8, 2015, plaintiff Mad Dogg Athletics, Inc. ("Mad Dogg") filed suit against defendant Fitness Master, Inc. ("Fitness Master") asserting claims for patent infringement. Dkt. 1. Mad Dogg is the owner of several patents covering its line of "Spinner" exercise bicycles. Id. ¶ 7. Fitness Master is a competing company that designs and distributes exercise bicycles. See generally Id. In brief, the complaint alleges that Fitness Master, through its exercise bikes has infringed Mad Dogg's patents.

On August 24, 2015, Fitness Master filed a motion for sanctions against Mad Dogg, pursuant to Federal Rule of Civil Procedure 11. Dkt. 31. On August 31, 2015, Mad Dogg filed an opposition, Dkt. 36, and on September 8, 2015, Fitness Master filed a reply, Dkt. 39. On August 31, 2015, Mad Dogg filed its own motion for sanctions against Fitness Master pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. Dkt. 35. On September 8, 2015, Fitness Master filed an opposition, Dkt. 38, and on September 14, 2015, Mad Dogg filed a reply, Dkt. 42.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-02616-CAS(JCGx) | Date | September 28, 2015 |
| Title | MAD DOGG ATHLETICS, INC. V. FITNESS MASTER, INC. | | |

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 11

Under Federal Rule of Civil Procedure 11, a court may impose sanctions upon attorneys or unrepresented parties for submitting papers to a court that are frivolous, legally unreasonable, baseless, or filed for an improper purpose, such as harassment. Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1177 (9th Cir. 1996). All pleadings and other motions filed with a court must be signed by an attorney or the unrepresented party, certifying that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances": (1) the paper is not presented for an improper purpose; (2) the claims have a valid legal basis; and (3) there is factual support for the allegations. Fed.R.Civ.P. 11(b).

The imposition of sanctions is a matter within the discretion of the court. Fed. R. Civ. P. 11(c). "The court has significant discretion in determining what sanctions, if any, should be imposed for a violation . . . ." Committee Notes on Amendments to Federal Rules of Civil Procedure, 146 F.R.D. 401, 587 (1993).

### B. 28 U.S.C. § 1927

28 U.S.C. § 1927 provides that any "attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The statute "applies only to unnecessary filings and tactics once a lawsuit has begun." In re Keegan Mgmt. Co., Securities Litig., 78 F.3d 431, 435 (9th Cir. 1996).

Before § 1927 sanctions can be imposed, the court must make a finding of subjective bad faith, not simply objectively unreasonable behavior. Salstrom v. Citicorp Credit Services, Inc., 74 F.3d 183, 184 (9th Cir.1996). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." In re Keegan Mgmt. Co., 78 F.3d at 436 (quoting Estate of Blas v. Winkler, 792 F.2d 858, 860 (9th Cir.1986)). Put differently, "[f]or sanctions to apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass." Id. at 436.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-02616-CAS(JCGx) | Date | September 28, 2015 |
| Title | MAD DOGG ATHLETICS, INC. V. FITNESS MASTER, INC. | | |

The decision to sanction a party under § 1927 rests in the sound discretion of the district court. See, e.g., Trulis v. Barton, 107 F.3d 685, 694 (9th Cir.1996) (finding that the district court abused its discretion by not awarding § 1927 sanctions); MGIC Indemnity Corp. v. Moore, 952 F.2d 1120, 1121 (9th Cir.1991) (holding that the district court abused its discretion by awarding § 1927 sanctions). Moreover, § 1927 sanctions must be tailored to the particular conduct challenged. See, e.g., Blodgett, 709 F.2d at 610–11 ("Section 1927 only authorizes the taxing of excess costs arising from an attorney's unreasonable and vexatious conduct; it does not authorize imposition of sanctions in excess of costs reasonably incurred because of such conduct.").

## III.  DISCUSSION

### A.  Fitness Master's Motion for Sanctions

The thrust of Fitness Master's motion is that Mad Dogg filed its complaint without conducting an adequate investigation into whether Fitness Master's products infringed Mad Dogg's patents. Def.'s Mot. Sanctions., at 8. Because a "patent suit can be an expensive proposition," the Federal Circuit has set forth minimum requirements that an attorney must meet before filing a patent infringement suit. View Eng'g., Inc. v. Robotics Vision Sys., Inc., 208 F.3d 981, 986. (Fed. Cir. 2000). Specifically, before filing suit an attorney must, "at a bare minimum, apply the claims of each and every patent that is being brought into the lawsuit to an accused device and conclude that there is a reasonable basis for a finding of infringement of at least one claim of each patent so asserted." Id. "[T]he key factor in determining whether a patentee performed a reasonable pre-filing inquiry is the presence of an infringement analysis. And an infringement analysis can simply consist of a good faith, informed comparison of the claims of a patent against the accused subject matter." Q-Pharma, Inc. v. Andrew Jergens Co., 360 F.3d 1295, 1302 (Fed. Cir. 2004).

In conducting its pre-filing investigation, Mad Dogg's counsel relied primarily on marketing materials obtained from the internet and a visual observation of Fitness Master's products at a trade show. Dkt. 36-1, Pl.'s Decl. in Opp'n. to Sanctions, ¶¶ 31-42. Fitness Master's principal contention is that merely reviewing these materials and observing the allegedly infringing products without attempting to acquire and/or physically inspect the products is insufficient to satisfy the pre-filing investigation requirement. Def.'s Mot. Sanctions., at 8. Mad Dogg's patents contain multiple claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-02616-CAS(JCGx) | Date | September 28, 2015 |
|---|---|---|---|
| Title | MAD DOGG ATHLETICS, INC. V. FITNESS MASTER, INC. | | |

limitations. See Def.'s Reply Mot. Sanctions, at 6. While it may be possible to discern several of these claim limitations from a mere visual inspection, Fitness Master argues that several of the claim limitations cover aspects of the products which are not readily discernible without a more thorough inspection of the products. Id. In particular, Fitness Master's notes that its bikes have protective panels and that unless these panels are removed it is impossible to compare the inner workings of the bikes against all of the claim limitations in Mad Dogg's patents. Id. at 6-7. One such limitation covers a "dual chain tension device" that connects to the pedals in an exercise bike. Id. Because this device is part of the inner workings of an exercise bike, and would therefore be housed inside the bike's protective panels, Fitness Master believes that it is impossible to reasonably assess whether or not their products were infringing this claim limitation based solely on a visual inspection. Id. at 7.

Mad Dogg responds that prior to filing suit, its counsel conducted a detailed infringement analysis comparing each of the claims in the patents-in-suit against photographs, technical specifications, and the user manuals of each of the allegedly infringing bikes. Dkt. 36-1, Pl.'s Decl. in Opp'n. to Sanctions, ¶¶ 31-42. Based on this investigation, Mad Dogg's counsel concluded that at least one of the claims of each of Madd Dogg's patents was infringed by Fitness Master's products. Pl.'s Opp'n. Mot. Sanctions, at 10-11. Moreover, Mad Dogg argues that with regard to the existence of a "dual chain tension device" it was not necessary to remove the protective panels on the allegedly infringing bikes to discern that Fitness Master had infringed the patents-in-suit. Id. at 11-12. Specifically, Mad Dogg argues that the specifications for all of the accused bikes indicate that the bikes have a "belt drive," and that Mad Dogg has interpreted "dual chain tension device" to cover "belt drives" under the Doctrine of Equivalents. Id. Accordingly, Mad Dogg states that by reviewing the specifications for Fitness Master's bikes, its counsel was able to determine that the there was a reasonable basis for finding that Fitness Master's bikes had infringed the patents-in-suit. Id. at 16.

The Court concludes that Mad Dogg's counsel conducted a sufficient pre-filing investigation to satisfy Rule 11. While it is true that some case law suggests that it is preferable to physically inspect the allegedly infringing products, this is not a requirement to satisfy Rule 11. Compare Judin v. U.S., 110 F.3d 780, 785 (Fed. Cir. 1997) (sanctions appropriate where plaintiff "observed an accused device from a distance" and "neither [plaintiff] nor his attorney attempted to obtain a device from [defendant].") with Woods v. DeAngelo Marine Exhaust, Inc., 692 F.3d 1272, 1288-89

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        'O'

| Case No. | 2:15-cv-02616-CAS(JCGx) | Date | September 28, 2015 |
|---|---|---|---|
| Title | MAD DOGG ATHLETICS, INC. V. FITNESS MASTER, INC. | | |

(Fed. Cir. 2012) (sanctions not appropriate where plaintiff could "discern the features covered by the asserted claims from . . . digital color photographs."). Moreover, even without acquiring the accused bikes, Mad Dogg's counsel was able to perform an infringement analysis by comparing each of the claim limitations of the patents-in-suit to Fitness Master's products. Based on this analysis, Mad Dogg's counsel determined that each bike infringed at least one claim of Mad Dogg's patents. This is all that Rule 11 requires. See Q-Pharma, Inc., 360 F.3d at 1302. The sufficiency of a pre-filing investigation is necessarily a context-specific inquiry. See Bradgate Assoc., Inc. v. Fellows, Read & Assoc., Inc., 999 F.2d 745, 752 (3d Cir. 1993) ("When a district court examines the sufficiency of the investigation . . . the court must consider all circumstances surrounding the submission."). While in some cases a sufficient pre-filing investigation may require that plaintiff's counsel obtain the allegedly infringing product, here it appears that most, if not all, of the claim limitations were discernible from a review of photographs, specifications, and user manuals of Fitness Master's bikes. Accordingly, Fitness Master's motion for sanctions is DENIED.

       **B.**      **Mad Dogg's Motion for Sanctions**

Mad Dogg requests that the Court impose sanctions on Fitness Master based on Fitness Master's conduct in pursuing its own motion for sanctions. Pl.'s Mot. Sanctions, at 1. Specifically, Mad Dogg contends that Fitness Master "presented" its motion for sanctions to the Court in violation of Rule 11's "safe harbor" provision. Id. at 10. Furthermore, Mad Dogg argues that Fitness Master acted with "subjective bad faith" by filing a baseless motion for sanctions for an illicit purpose. Id. at 14-16.

Pursuant to Federal Rule of Civil Procedure 11(c)(2):

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-02616-CAS(JCGx) | Date | September 28, 2015 |
|---|---|---|---|
| Title | MAD DOGG ATHLETICS, INC. V. FITNESS MASTER, INC. | | |

This provision, commonly known as the "safe harbor" provision, requires that "[t]he party seeking sanctions must serve the Rule 11 motion on the opposing party at least twenty-one days before filing the motion with the district court, and sanctions may be sought only if the challenged pleading is not withdrawn or corrected within twenty-one days after service of the motion." Brickwood Contractors, Inc. v. Datanet Eng'g., Inc., 369 F.3d 385, 389 (4th Cir. 2004) (citations omitted).

      Here, while Fitness Master did not file its Rule 11 motion prior to the end of the "safe harbor" period, it referenced the motion and the basis for the motion in connection with a request for Fitness Master's counsel to appear *pro hac vice*. Pl.'s Mot. Sanctions, at 10. Specifically, on July 1, 2015, Fitness Master filed with the Court a request for an extension of time to apply to appear *pro hac vice*. Id. As the grounds for this request, Fitness Master stated that it had served a Rule 11 motion on Mad Dogg for failing to conduct an adequate pre-filing investigation and that if, as a result of this motion, Mad Dogg were to withdraw its complaint Fitness Master's counsel would not need to appear *pro hac vice*. Id. Accordingly, Fitness Master requested, and the Court granted, an extension of time to apply to appear *pro hac vice* until three days after the end of the "safe harbor" period. Id.

      Mad Dogg contends that Fitness Master's violated Rule 11 by referencing its pending motion for sanction in its application. Id. at 10-11. However, Mad Dogg provides no authority that supports the notion that referencing or mentioning a motion for sanctions in an otherwise permissible pleading constitutes a violation of Rule 11, let alone a violation that would justify sanctions. Accordingly, the Court cannot conclude that Fitness Master's conduct violated Rule 11.

      Furthermore, the Court cannot conclude that Fitness Master's motion for sanctions was objectively baseless. Mad Dogg argues that Fitness Master's motion for sanctions was premised on "unfounded and incorrect accusations" regarding Mad Dogg's pre-filing investigation. Id. at 1. However, while the Court has concluded that Mad Dogg's pre-filing investigation does not warrant sanctions in this case, it cannot find that there was no basis to support Fitness Master's motion. Mad Dogg's pre-filing investigation relied primarily on photographs and descriptions of the accused bikes. As noted above, while Rule 11 may not require a plaintiff to obtain one of the accused products, case law does support that it is at least preferable to do so. Accordingly, Fitness Master had a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-02616-CAS(JCGx) | Date | September 28, 2015 |
|---|---|---|---|
| Title | MAD DOGG ATHLETICS, INC. V. FITNESS MASTER, INC. | | |

reasonable grounds for believing that Mad Dogg's pre-filing investigation may have violated Rule 11.

      Finally, the Court notes that both parties have levied accusations that the other party has sought sanctions for an improper purpose. Mad Dogg argues that Fitness Master is attempting to "bully" Mad Dogg into withdrawing its complaint and is attempting to gain leverage in the parties' settlement discussions. Pl.'s Reply Mot. Sanctions, at 1-2. Fitness Master responds that it is Mad Dogg who is attempting to gain leverage in settlement discussions and that Mad Dogg has brought a meritless motion in retaliation against Fitness Master. Opp'n to Pl.'s Mot. Sanctions, at 10-11. The Court declines to weigh into this dispute between the parties and therefore DENIES Mad Dogg's motion for sanctions. The parties are admonished that the Court will not entertain further motions of *any* kind until the parties have determined whether or not they can reach a settlement in this action. In this regard the Court orders the parties to mediation with Magistrate Judge Ghandi to be completed on or before November 7, 2015, subject to his availability.

## IV. CONCLUSION

      In accordance with the foregoing, the Court DENIES Fitness Master's motion for sanctions and DENIES Mad Dogg's motion for sanctions.

      IT IS SO ORDERED.

|  | 00 | : | 11 |
|---|---|---|---|
| Initials of Preparer | | CL | |